1
2
3
4
5              IN THE UNITED STATES DISTRICT COURT
6
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8
JEROME L. GRIMES,                    )      No.  C 15-0115 JSW (PR)
9                                    )
             Plaintiff,              )      **ORDER OF DISMISSAL**
10                                   )
             v.                      )
11                                   )
                                     )
12   DEPUTY MCGRAY, et al.,          )
                                     )
13           Defendants.             )
     _____ )

14

15           Plaintiff, a jail inmate in Shreveport, Louisiana, has filed this pro se civil rights

16   case.[1]  On May 18, 2000, this Court informed Plaintiff that under the "three-strikes"

17   provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed *in forma pauperis*

18   in federal court with civil actions filed while he is incarcerated.  *See Grimes v. Oakland*

19   *Police Dept.*, C 00-1100 CW (Order Dismissing Complaint, 5/18/00).  Since then,

20   Plaintiff has continued to file hundreds of civil rights actions seeking *in forma pauperis*

21   status.  With respect to each action filed, the Court conducts a preliminary review to

22   assess the nature of the allegations and to determine whether Plaintiff alleges facts which

23   bring him within the "imminent danger of serious physical injury" exception to §

24   1915(g).  In the past, Plaintiff has routinely been granted leave to amend to pay the full

25   filing fee and to state cognizable claims for relief, but he has habitually failed to do so.

26

27   _____

                 [1]Because many of the defendants reside in this district, venue is proper here.  *See* 28
28   U.S.C. § 1406(a).

1   For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of

2   approximately thirty-six actions under § 1915(g).

3        In accord with this ongoing practice, the Court has reviewed the allegations in the

4   present action and finds that Plaintiff alleges no facts which bring him within the

5   "imminent danger" clause.  The complaint makes the same highly implausible and

6   sometimes unintelligible allegations that he has made in many of his prior cases.

7   Plaintiff has been informed on numerous occasions that allegations and claims such as

8   these do not establish imminent danger nor do they state cognizable claims for relief.

9   Therefore, it would be futile to grant Plaintiff leave to amend.

10        Accordingly, this case is DISMISSED without prejudice under § 1915(g).  If

11   Plaintiff is so inclined, he may bring his claims in a new action accompanied by the

12   $400.00 filing fee.  In any event, the Court will continue to review under § 1915(g) all

13   future actions filed by Plaintiff while he is incarcerated in which he seeks *in forma*

14   *pauperis* status.

15        The Clerk of the Court shall close the file and terminate all pending motions.

16        IT IS SO ORDERED.

17   DATED:  February 3, 2015

18   _____
     JEFFREY S. WHITE
     United States District Judge

19

20

21

22

23

24

25

26

27

28